UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMERICAN ASSOCIATION OF UNIVERSITY PROFESSORS (HARVARD CHAPTER); and AMERICAN ASSOCIATION OF UNIVERSITY PROFESSORS,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE, et al.,<br><br>Defendants. | Case No. 25-10910<br><br>**REQUEST FOR ORAL ARGUMENT** |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO FILE AFFIDAVITS UNDER SEAL**

Plaintiffs, through undersigned counsel, hereby move the Court, pursuant to Local Rule 7.2, for leave to file Exhibits 27 and 29 to Plaintiffs' Motion for Temporary Restraining Order under seal until further order of this Court. Exhibits 27 and 29 are affidavits by AAUP and AAUP-Harvard Faculty Chapter members who are not parties to this litigation ("Affiants"). Affiants have a reasonable fear of harassment, threats, retaliation, and reputational damage that could result from their identities being revealed publicly, given the likelihood of intense public attention in this case and the contentious nature of public discourse surrounding lawsuits against the Trump administration. As discussed herein, Affiants' privacy interests outweigh the marginal public interest in access to the affidavits, and thus, Plaintiffs' Motion should be granted.

**LEGAL STANDARD**

"[T]he right to inspect and copy judicial records is not absolute." *Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 598 (1978)). The trial court has "considerable leeway" in making

the decision as to whether presumptively public records should be sealed. *Siedle v. Putnam Investments, Inc.* 147 F.3d 7, 10 (1st Cir. 1998). In evaluating whether good cause to seal exists, courts are instructed to strike the appropriate balance between the public interest in disclosure and any "competing private interests" in nondisclosure, "'in light of the relevant facts and circumstances of the particular case.'" *FTC v. Standard Fin. Mgmt. Corp.*, 830 F.2d 404, 410-411 (1st Cir. 1987) (quoting *Nixon*, 435 U.S. at 599).

## ARGUMENT

The sealing of Exhibits 27 and 29 is warranted in order to protect Affiants' interests in privacy and personal safety. It is well recognized that "privacy rights of participants and third parties are among those interests which, in appropriate cases, can limit the presumptive right of access to judicial records." *Standard Fin. Mgmt. Corp.,* 830 F.2d at 411 (quotation marks omitted). Third-party privacy interests, in particular, are "a venerable common law exception to the presumption of access" that "weigh heavily in a court's balancing equation." *United States v. Kravetz,* 706 F.3d 47, 62 (1st Cir. 2013).

Here, Affiants have a credible fear of harassment, threats, retaliation, and reputational damage that could result from their identities being disclosed on the public record. First, given the highly publicized nature of litigation against the Trump administration, it is likely that this lawsuit will garner significant public attention, and the issues at the heart of this case are contentious and the subject of intense public debate. Affiants fear that disclosure of their identities could put them—and their families, friends, and co-workers—at risk of being doxed, harassed, and threatened by the public, the Trump administration, or other Trump affiliates. Thus, if the affidavits are not sealed, Affiants will be unwillingly identified and exposed to potential danger for not only

their association with this lawsuit but also the subject of their research work, which is detailed in the affidavits.

Second, Affiants are concerned about the serious risk of retaliation from Harvard should their identities be disclosed publicly. As Affiants attest, Harvard has already taken increasingly restrictive actions, particularly against students and faculty who advocate for academic freedom, in an apparent attempt to appease the Trump administration. Affiants fear that that Harvard will continue to respond to federal government threats by targeting students and faculty who express so-called "controversial" viewpoints, including by retaliating against Affiants for their participation in this lawsuit and the views expressed in their affidavits.

By contrast, the public does not have a strong countervailing interest in learning Affiants' identities. Affiants are not parties to the litigation. *See In re Boston Herald*, 321 F.3d 174, 191 (1st Cir. 2003) ("[T]he invasiveness of the disclosure sought here is further intensified" where information sought to be disclosed pertains to non-parties). The additional two affidavits submitted for this purpose, along with the Motion for Temporary Restraining Order itself, are filed publicly without redaction. Thus, disclosure of Affiants' identities against their wishes would serve little purpose other than to impermissibly "gratify private spite or promote public scandal." *Nixon,* 435 U.S. at 598, 98 S.Ct. 1306 (quoting *In re Caswell,* 18 R.I. 835, 29 A. 259, 259 (1893)) (internal quotation mark omitted).

Thus, Affiants' privacy and safety interests are sufficiently compelling to overcome the presumptive right of access to the affidavit.

## CONCLUSION

For the reasons herein, Plaintiffs' Motion to Seal should be granted.

| | |
|---|---|
| April 11, 2025 | Respectfully submitted, |
| | /s/ *Daniel Silverman* |
| Philippe Z. Selendy* | Daniel H. Silverman (BBO# 704387) |
| Sean P. Baldwin* | COHEN MILSTEIN SELLERS & TOLL PLLC |
| Corey Stoughton* | 769 Centre Street |
| Julie Singer* | Suite 207 |
| Hannah R. Miles* | Boston, MA 02130 |
| SELENDY GAY PLLC | (617) 858-1990 |
| 1290 Avenue of the Americas 20th Floor | dsilverman@cohenmilstein.com |
| New York, NY 10104 | |
| Tel: 212-390-9000 | Joseph M. Sellers * |
| pselendy@selendygay.com | Benjamin D. Brown* |
| sbaldwin@selendygay.com | Phoebe M. Wolfe * |
| cstoughton@selendygay.com | Margaret (Emmy) Wydman* |
| jsinger@selendygay.com | COHEN MILSTEIN SELLERS & TOLL PLLC |
| hmiles@selendygay.com | 1100 New York Ave. NW, 8th Floor |
| | Washington, DC 20005 |
| *  PHV Application Forthcoming | (202) 408-4600 |
| | jsellers@cohenmilstein.com |
| | bbrown@cohenmilstein.com |
| | pwolfe@cohenmilstein.com |
| | ewydman@cohenmilstein.com |
| | |
| | *  PHV Application Forthcoming |
| | |
| | *Attorneys for Plaintiffs* |

## **CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the CM/ECF system will be sent by certified mail on April 14, 2025 to the United States attorney for Massachusetts, the civil-process clerk at the United States attorney's office, and to the Attorney General of the United States at Washington, D.C, pursuant to Federal Rule of Civil Procedure 4(i).

                                                             /s/ *Daniel Silverman*
                                                          Daniel Silverman