UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PRESIDENT AND FELLOWS OF HARVARD COLLEGE,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES; NATIONAL INSTITUTES OF HEALTH; ROBERT F. KENNEDY, JR., in his official capacity as Secretary of the United States Department of Health and Human Services; UNITED STATES DEPARTMENT OF JUSTICE; PAMELA J. BONDI, in her official capacity as Attorney General of the United States; UNITED STATES DEPARTMENT OF EDUCATION; LINDA M. MCMAHON, in her official capacity as Secretary of the United States Department of Education; UNITED STATES GENERAL SERVICES ADMINISTRATION; STEPHEN EHIKIAN, in his official capacity as Acting Administrator of the United States General Services Administration; UNITED STATES DEPARTMENT OF ENERGY; CHRISTOPHER A. WRIGHT, in his official capacity as Secretary of the United States Department of Energy; UNITED STATES NATIONAL SCIENCE FOUNDATION; SETHURAMAN PANCHANATHAN, in his official capacity as Director of the United States National Science Foundation; UNITED STATES DEPARTMENT OF DEFENSE; PETER B. HEGSETH, in his official capacity as Secretary of the United States Department of Defense; NATIONAL AERONAUTICS AND SPACE ADMINISTRATION; and JANET E. PETRO, in her official capacity as Acting Administrator of the National Aeronautics and Space Administration,<br><br>Defendants. | Civil Action No. 25-cv-11048-ADB |

1

## MEMORANDUM AND ORDER DENYING JOHN DOE'S MOTION TO INTERVENE

BURROUGHS, D.J.

Currently before the Court is movant John Doe's ("John Doe") motion to intervene. [ECF No. 48]. For the following reasons, the motion is DENIED.

Federal Rule of Civil Procedure 24 allows intervention of right and permissive intervention. Rule 24(a), "intervention of right," provides that, upon a "timely motion," the Court "must permit anyone to intervene who . . . claims an interest relating to the . . . transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). A party may intervene as a matter of right under Rule 24(a) if it meets the following four requirements:

> First, the application must be timely. Second, the applicant must claim an interest relating to the property or transaction which is the subject of the action. Third, the applicant must be so situated that the disposition of the action may as a practical matter impair or impede [its] ability to protect that interest. Fourth, the applicant must show that [its] interest will not be adequately represented by existing parties.

Travelers Indem. Co. v. Dingwell, 884 F.2d 629, 637 (1st Cir. 1989). A "[f]ailure to satisfy any single requirement for intervention . . . is sufficient grounds to deny [the] request.'" Victim Rights Law Center v. Rosenfelt, 988 F.3d 556, 560–61 (1st Cir. 2021). "[A] party to claim standing [to intervene] must have an interest distinct from that of every other citizen or taxpayer." Daggett v. Comm'n on Governmental Ethics & Election Pracs., 172 F.3d 104, 110 (1st Cir. 1999) (citations omitted). This reflects a well-founded reluctance to allow

2

intervention "by individuals whose interest is infinitely diluted, rests solely on ideological grounds, or could be replicated by an unlimited number of parties or would-be intervenors." Daggett, 172 F.3d at 110 (citing United States v. Richardson, 418 U.S. 166, 179–80 (1974)).

Here, John Doe argues, among other things, that intervention is warranted to protect his First Amendment right to "receive information and ideas unfettered by government censorship or retaliation." [ECF No. 48 at 7]. In his argument for intervention, however, John Doe admits that his interests are "overlapping" with Plaintiff's but are also broader in that his concern includes the "public right to unimpeded access to the marketplace of ideas." [Id. at 8]. Based on the record before it, the Court is not satisfied that this meets the fourth requirement. Moreover, it is not also evident to the Court that his interest is "distinct from that of every other citizen or taxpayer." Daggett, 172 F.3d at 110. Consequently, John Doe has failed to satisfy at least two requirements for intervention by right.

Alternatively, under Rule 24(b), "permissive intervention," the Court "may," on a timely motion, "permit anyone to intervene who . . . has a claim . . . that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). "Permissive intervention is 'wholly discretionary,' and a court should consider whether intervention will prejudice the existing parties or delay the action." In re Bos. Sci. Corp. ERISA Litig., 254 F.R.D. 24, 33 n.82 (D. Mass. 2008) (quoting In re Sonus Networks, Inc. Sec. Litig., 229 F.R.D. 339, 345 (D. Mass. 2005)). "[A] district court's discretion to grant or deny motions for permissive intervention is very broad." T-Mobile Ne. LLC v. Town of Barnstable, 969 F.3d 33, 42 (1st Cir. 2020) (citations omitted). The Court may consider various factors to determine whether permissive intervention is warranted. See id. at 41–42 (explaining that "a district court mulling permissive intervention is free to consider whether 'the applicants may be helpful in

fully developing the case[,]'" and "that 'more parties would complicate' matters unnecessarily") (quoting Daggett, 172 F.3d at 113).  Here, the Court does not believe that allowing John Doe to intervene will be helpful, constructive, or protective of an otherwise unrepresented interest. Therefore, the motion to intervene, [ECF No. 48], is DENIED, and related motions [ECF No. 49] and [ECF No. 50] are DENIED as moot.

**SO ORDERED.**

April 30, 2025

/s/ Allison D. Burroughs
ALLISON D. BURROUGHS
U.S. DISTRICT JUDGE