UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMERICAN ASSOCIATION OF UNIVERSITY PROFESSORS–HARVARD FACULTY CHAPTER et al.,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE et al.,<br><br>Defendants. | Case No. 1:25-cv-10910-ADB |

### MOTION FOR LEAVE TO FILE AFFIDAVITS UNDER SEAL AND MEMORANDUM OF LAW IN SUPPORT THEREOF

Plaintiffs American Association of University Professors–Harvard Faculty Chapter ("AAUP–Harvard"), American Association of University Professors ("AAUP"), and International Union, United Automobile, Aerospace and Agricultural Implement Workers of America ("UAW") (collectively, "Plaintiffs"), through their attorneys, Selendy Gay PLLC and Cohen Milstein Sellers & Toll PLLC, hereby move, pursuant to Local Rule 7.2, for leave to file two exhibits to Plaintiffs' Statement of Material Facts Not in Dispute Pursuant to Local Rule 56.1 in support of Plaintiffs' Motion for Summary Judgment under seal until further order of this Court. These exhibits are affidavits of AAUP and AAUP–Harvard members who are not parties to this litigation ("Affiants[1]"). Affiants have a reasonable fear of harassment, threats, retaliation, and reputational damage that could result from their identities being revealed publicly, given the likelihood of intense public attention in this case and the contentious nature of public discourse surrounding

---

[1] Plaintiffs previously filed a similar motion to seal affidavits from Affiants in support of their motion for a temporary restraining order. Dkt. 2. The Court granted that motion on April 14. Dkt. 10.

lawsuits against the Trump administration. As discussed herein, Affiants' privacy interests outweigh the marginal public interest in access to the affidavits, and thus, this motion should be granted. The parties have met and conferred and Defendants do not object to this motion.

## LEGAL STANDARD

"[T]he right to inspect and copy judicial records is not absolute." *Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 598 (1978)). The trial court has "considerable leeway" in making the decision as to whether presumptively public records should be sealed. *Siedle v. Putnam Investments, Inc.* 147 F.3d 7, 10 (1st Cir. 1998). In evaluating whether good cause to seal exists, courts are instructed to strike the appropriate balance between the public interest in disclosure and any "competing private interests" in nondisclosure, "'in light of the relevant facts and circumstances of the particular case.'" *FTC v. Standard Fin. Mgmt. Corp.*, 830 F.2d 404, 410-411 (1st Cir. 1987) (quoting *Nixon*, 435 U.S. at 599).

## ARGUMENT

The sealing of Affiants' affidavits is warranted in order to protect Affiants' interests in privacy and personal safety. It is well recognized that "privacy rights of participants and third parties are among those interests which, in appropriate cases, can limit the presumptive right of access to judicial records." *Standard Fin. Mgmt. Corp.,* 830 F.2d at 411 (citation omitted). Third-party privacy interests, in particular, are "a venerable common law exception to the presumption of access" that "weigh heavily in a court's balancing equation." *United States v. Kravetz,* 706 F.3d 47, 62 (1st Cir. 2013).

Here, Affiants have a credible fear of harassment, threats, retaliation, and reputational damage that could result from their identities being disclosed on the public record. First, given the highly publicized nature of litigation against the Trump administration and the fact that the issues at the heart of this case are contentious and the subject of intense public debate, it is likely that this

lawsuit will garner significant public attention. Affiants fear that disclosure of their identities could put them—and their families, friends, and co-workers—at risk of being doxed, harassed, and threatened by the public, the Trump administration, or other Trump affiliates. Thus, if the affidavits are not sealed, Affiants will be unwillingly identified and exposed to potential danger for not only their association with this lawsuit but also the subject of their research work, which is detailed in the affidavits.

Second, Affiants are concerned about the serious risk of retaliation from Harvard should their identities be disclosed publicly. As Affiants attest, Harvard has already taken increasingly restrictive actions, particularly against students and faculty who advocate for academic freedom, in an apparent attempt to appease the Trump administration. Affiants fear that Harvard will continue to respond to federal government threats by targeting students and faculty who express so-called "controversial" viewpoints, including by retaliating against Affiants for their participation in this lawsuit and the views expressed in their affidavits.

By contrast, the public does not have a strong countervailing interest in learning Affiants' identities. Affiants are not parties to the litigation. *See In re Boston Herald*, 321 F.3d 174, 191 (1st Cir. 2003) ("[T]he invasiveness of the disclosure sought here is further intensified" where information sought to be disclosed pertains to non-parties). The additional affidavits submitted in support of Plaintiffs' Motion for Summary Judgment and accompanying memorandum and statement of facts, are all filed publicly without redaction. Thus, disclosure of Affiants' identities against their wishes would serve little purpose other than to impermissibly "gratify private spite or promote public scandal." *Nixon,* 435 U.S. at 598 (quoting *In re Caswell's Request,* 18 R.I. 835 (R.I. 1893)) (internal quotation marks omitted).

Thus, Affiants' privacy and safety interests are sufficiently compelling to overcome the presumptive right of access to the affidavits.

## CONCLUSION

For the reasons set forth herein, Plaintiffs' Motion to Seal should be granted.

Dated: June 2, 2025                                                     Respectfully submitted,

                                                            By:    /s/ *Daniel H. Silverman*

| | |
|---|---|
| Philippe Z. Selendy* | Daniel H. Silverman (BBO# 704387) |
| Sean P. Baldwin* | COHEN MILSTEIN SELLERS & TOLL PLLC |
| Corey Stoughton* | 769 Centre Street |
| Julie Singer* | Suite 207 |
| Drake Reed* | Boston, MA 02130 |
| SELENDY GAY PLLC | (617) 858-1990 |
| 1290 Avenue of the Americas 20th Floor | dsilverman@cohenmilstein.com |
| New York, NY 10104 | |
| Tel: 212-390-9000 | Joseph M. Sellers* |
| pselendy@selendygay.com | Benjamin D. Brown* |
| sbaldwin@selendygay.com | Phoebe M. Wolfe* |
| cstoughton@selendygay.com | Margaret (Emmy) Wydman* |
| jsinger@selendygay.com | Sabrina Merold* |
| dreed@selendygay.com | COHEN MILSTEIN SELLERS & TOLL PLLC |
| | 1100 New York Ave NW, 8th Floor |
| * admitted *pro hac vice* | Washington, DC 20005 |
| | (202) 408-4600 |
| | jsellers@cohenmilstein.com |
| | bbrown@cohenmilstein.com |
| | pwolfe@cohenmilstein.com |
| | ewydman@cohenmilstein.com |
| | |
| | *Attorneys for Plaintiffs* |

**CERTIFICATE OF COMPLIANCE**

    I hereby certify that, pursuant to Local Rule 7.1(a)(2), the parties conferred and attempted in good faith to resolve or narrow the issue raised herein prior to the filing of this motion.

Dated: June 2, 2025

                                                    */s/ Daniel H. Silverman*
                                                     Daniel H. Silverman

**CERTIFICATE OF SERVICE**

      I hereby certify that this document, filed electronically through the Court's CM/ECF system, was sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

| | |
|---|---|
| Dated: June 2, 2025 | */s/ Daniel Silverman*<br>Daniel Silverman |