# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PRESIDENT AND FELLOWS OF HARVARD COLLEGE,<br><br>                  *Plaintiff*,<br><br>                    *v.*<br><br>UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, et al.,<br><br>                  *Defendants*. | Case No. 1:25-cv-11048 |

**UNOPPOSED MOTION FOR LEAVE TO FILE BRIEF OF AMERICAN CIVIL LIBERTIES UNION, AMERICAN CIVIL LIBERTIES UNION OF MASSACHUSETTS, CATO INSTITUTE, ELECTRONIC FRONTIER FOUNDATION, KNIGHT FIRST AMENDMENT INSTITUTE, NATIONAL COALITION AGAINST CENSORSHIP, REPORTERS COMMITTEE FOR FREEDOM OF THE PRESS, AND RUTHERFORD INSTITUTE AS AMICI CURIAE IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Pursuant to ECF No. 47, amici curiae American Civil Liberties Union, American Civil Liberties Union of Massachusetts, Cato Institute, Electronic Frontier Foundation, Knight First Amendment Institute, National Coalition Against Censorship, Reporters Committee for Freedom of the Press, and Rutherford Institute (together, "Amici") respectfully submit this motion for leave to file an amicus brief in this case. In support of this motion, Amici state as follows:

1. District courts have the "inherent authority and discretion" to accept and consider amicus briefs. *Bos. Gas Co. v. Century Indem. Co.*, No. CIVA 02-12062-RWZ, 2006 WL 1738312, at *1 n.1 (D. Mass. June 21, 2006). Amicus briefs may be permitted "to assist the court in cases of general public interest by making suggestions to the court, by providing supplementary assistance to existing counsel, and by insuring a complete and plenary presentation of difficult issues so that the court may reach a proper decision." *Students for Fair Admissions, Inc. v. President & Fellows of Harvard Coll.*, 308 F.R.D. 39, 52 (D. Mass.), *aff'd*, 807 F.3d 472 (1st Cir. 2015) (cleaned up). "[A] court is usually delighted to hear additional arguments from able amici that will help the court toward right answers . . ." *Mass. Food Ass'n v. Mass. Alcoholic Beverages Control Comm'n*, 197 F.3d 560, 567 (1st Cir. 1999).

2. This case considers what limitations the First Amendment places on government efforts to attempt a hostile takeover of a private institution, and in particular a private college or university, in order to impose its preferred vision of ideological balance. As legal advocacy organizations from across the ideological spectrum that vary in their views on many issues, but have in common an abiding commitment to the Constitution and the liberties it protects, amici have a strong interest in the proper resolution of this case.

3. The American Civil Liberties Union ("ACLU") is a nationwide, nonprofit organization that since 1920 has sought to protect the civil liberties of all Americans. The ACLU

of Massachusetts ("ACLUM") is a state affiliate of the ACLU. The ACLU and ACLU of Massachusetts have frequently appeared as both counsel and amici in cases about the Constitution's limits on government power, including consequential First Amendment cases about retaliation, government funding conditions, and academic freedom. *See, e.g., NRA v. Vullo*, 602 U.S. 175 (2024) (ACLU as counsel); *Doe v. Hopkinton Pub. Sch.*, 19 F.4th 493 (1st Cir. 2021) (ACLUM as amici); *Rust v. Sullivan*, 500 U.S. 173 (1991) (ACLU as counsel).

4. The Cato Institute is a nonpartisan public policy research foundation founded in 1977 and dedicated to advancing the principles of individual liberty, free markets, and limited government. Cato's Robert A. Levy Center for Constitutional Studies was established in 1989 to help restore the principles of limited constitutional government that are the foundation of liberty. Toward those ends, Cato publishes books and studies, conducts conferences, and produces the annual *Cato Supreme Court Review*.

5. The Electronic Frontier Foundation ("EFF") is a nonprofit organization that has defended the rights of technology users in U.S. courts, and through advocacy, education and technology development for almost 35 years. EFF's work is in furtherance of human rights, the rule of law, and the preservation of democratic institutions throughout the world, and has pursued numerous lawsuits challenging the government's ability to penalize disfavored speakers.

6. The Knight First Amendment Institute at Columbia University is a non-partisan, not-for-profit organization that works to defend the freedoms of speech and the press in the digital age through strategic litigation, research, and public education. The Institute's aim is to promote a system of free expression that is open and inclusive, that broadens and elevates public discourse, and that fosters creativity, accountability, and effective self-government.

7. The National Coalition Against Censorship ("NCAC") is an alliance of more than 60 national non-profit literary, artistic, religious, educational, professional, labor, and civil liberties groups joined to defend freedom of thought, inquiry, and expression. NCAC has a longstanding interest in assuring robust free expression rights for all–including academic freedom and independence. The positions advocated in this brief do not necessarily reflect the views of NCAC's member organizations.

8. The Reporters Committee for Freedom of the Press is an unincorporated nonprofit association. The Reporters Committee was founded by leading journalists and media lawyers in 1970 when the nation's news media faced an unprecedented wave of government subpoenas forcing reporters to name confidential sources. Today, its attorneys provide *pro bono* legal representation, amicus curiae support, and other legal resources to protect First Amendment freedoms and the newsgathering rights of journalists.

9. The Rutherford Institute is a nonprofit civil liberties organization headquartered in Charlottesville, Virginia. Founded in 1982 by its President, John W. Whitehead, the Institute provides legal assistance at no charge to individuals whose constitutional rights have been threatened or violated and educates the public about constitutional and human rights issues affecting their freedoms. The Rutherford Institute works tirelessly to resist tyranny and threats to freedom by seeking to ensure that the government abides by the rule of law and is held accountable when it infringes on the rights guaranteed by the Constitution and laws of the United States.

10. It is possible that additional amici will join this brief before it is filed, if permitted, on June 9, 2025.

11. Amici's proposed brief is relevant to the proper resolution of this case. The brief addresses governing caselaw from the Supreme Court that makes clear that the government cannot

force an ideological takeover of private institutions, that such efforts are not saved by the government's claims that it aims to impose viewpoint neutrality, and that the government may not impose conditions even on recipients of federal funds that exceed the scope of the funding or aim to suppress particular views. The brief also articulates the particularly egregious violations of each of these First Amendment rules here, given that the Plaintiff is a private university, with academic freedom rights that extend to its decisions about admissions, hiring, and programming.

12. Amici respectfully submit that their brief is also desirable. Amici have extensive experience litigating First Amendment cases, including those concerning retaliation, government funding conditions, and academic freedom, and are well-positioned to address the question raised by this case.

13. Plaintiff consents to, and Defendants do not oppose, the filing of the amicus brief.

For the foregoing reasons, Amici respectfully request that this Court grant the motion for leave to file a brief of amici curiae.

Dated: June 5, 2025

Cecillia D. Wang
Ben Wizner
Vera Eidelman
Brian Hauss
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2500
msegal@aclu.org
cwang@aclu.org
bwizner@aclu.org
veidelman@aclu.org
bhauss@aclu.org

Respectfully submitted,

/s/ Matthew R. Segal
Matthew R. Segal (BBO #654489)
American Civil Liberties Union Foundation
One Center Plaza, Suite 850
Boston, MA 02108
(617) 299-6664
msegal@aclu.org

*Counsel for Amici Curiae*

## CERTIFICATE OF SERVICE

I hereby certify that I filed the within document via the ECF system on this day of June 5, 2025 and that it is available for viewing and downloading to all counsel of record.

Dated: June 5, 2025　　　　　　　　　　　By:　　*/s/ Matthew R. Segal*
　　　　　　　　　　　　　　　　　　　　　　　　Matthew R. Segal (BBO #654489)
　　　　　　　　　　　　　　　　　　　　　　　　American Civil Liberties Union Foundation
　　　　　　　　　　　　　　　　　　　　　　　　One Center Plaza, Suite 850
　　　　　　　　　　　　　　　　　　　　　　　　Boston, MA 02108
　　　　　　　　　　　　　　　　　　　　　　　　(617) 299-6664
　　　　　　　　　　　　　　　　　　　　　　　　msegal@aclu.org