UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMERICAN ASSOCIATION OF<br>UNIVERSITY PROFESSORS–HARVARD<br>FACULTY CHAPTER et al., | Case No. 1:25-CV-10910-ADB |
| Plaintiffs, | |
| v. | |
| UNITED STATES DEPARTMENT OF<br>JUSTICE et al., | |
| Defendants. | |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' RENEWED MOTION FOR A STAY OF DEADLINE TO FILE A STATUS REPORT IN LIGHT OF LAPSE OF APPROPRIATIONS**

Plaintiffs submit this opposition to Defendants' request to stay this Court's October 10, 2025 deadline, ECF 148, to file a joint status report regarding the timing and content of the final judgment.

Defendants' renewed motion restates the grounds set forth in their original motion for a stay filed on October 1. As Plaintiffs noted in opposing that motion, the prohibition on Defendants working under 31 U.S.C. § 1342 does not apply if the request for a stay is denied and is, therefore, not an independently sufficient basis for a stay. *See Kornitzky Group, LLC v. Elwell*, 912 F.3d 637, 638 (D.C. Cir. 2019) (discussing how denial of the government's motions to stay when federal appropriations have lapsed is consistent with § 1342). Further, the Department of Justice's FY 2026 Contingency Plan recognizes that "[i]f a court denies such a request and orders a case to continue, the Government will comply with the court's order" as it "would constitute express legal

1

authorization for the activity to continue." *U.S. Dep't of Justice FY 2026 Contingency Plan* at 3 (Sept. 29, 2025), https://www.justice.gov/jmd/media/1377216/dl. The government continues to provide no rationale for why this Court should not take that approach here.

Granting a further stay would prejudice Plaintiffs by further needlessly delaying entry of final judgment. *See* Fed. R. Civ. P. 58(b)(2) (requiring final judgment to be entered "promptly"). The Court ordered the Parties to file a status report by September 19, 2025 indicating whether issues needed to be resolved before a final judgment issued. ECF 143. The Parties agreed, and continue to agree, that no further issues need to be resolved before a final judgment issues. ECF 144. The Parties' original rationale for seeking a brief, two-week extension of the Court's original deadline was to allow the Parties time to focus on specific issues related to implementation of the Court's order no longer holds. Thus, there is no basis for further delaying entry of final judgment in this matter.

Plaintiffs provided Defendants with their proposed final judgment over three weeks ago, on September 16, 2025, and provided a copy to counsel for the President and Fellows of Harvard College (the "President and Fellows") even earlier than that date. That proposed judgment is attached as Exhibit A to Plaintiffs' opposition to Defendants' original motion to stay. *See* ECF 147-1. On October 8, 2025, the Parties met and conferred with attorneys for Defendants and counsel for the President and Fellows. Counsel for the government represented that if the stay is denied it is prepared to provide a response to Plaintiffs regarding its position on entry of that proposed judgment, and that it would like to have consistent judgments in this case and the case brought by the President and Fellows. Plaintiffs therefore respectfully request that the Court deny the stay and instruct the Parties to meet and confer on whether agreement can be reached on proposed judgments in both matters and, if agreement cannot be reached before Friday, October

17, 2025, enter judgment in this matter as proposed by Plaintiffs in Exhibit A to the filing at ECF 147.

Dated:   October 8, 2025                                               Respectfully submitted,

                                                          By:      /s/ *Joseph M. Sellers*

Philippe Z. Selendy**                                              Daniel H. Silverman (BBO# 704387)
Sean P. Baldwin**                                                  COHEN MILSTEIN SELLERS & TOLL PLLC
Corey Stoughton**                                                  769 Centre Street
Julie Singer**                                                     Suite 207
Drake Reed**                                                       Boston, MA 02130
SELENDY GAY PLLC                                                   (617) 858-1990
1290 Avenue of the Americas 20th Floor                             dsilverman@cohenmilstein.com
New York, NY  10104
Tel: 212-390-9000                                                  Joseph M. Sellers**
pselendy@selendygay.com                                            Benjamin D. Brown**
sbaldwin@selendygay.com                                            Phoebe M. Wolfe**
cstoughton@selendygay.com                                          Margaret (Emmy) Wydman**
jsinger@selendygay.com                                             Sabrina Merold*
dreed@selendygay.com                                               COHEN MILSTEIN SELLERS & TOLL PLLC
                                                                   1100 New York Ave NW, 8th Floor
**  admitted *pro hac vice*                                        Washington, DC 20005
                                                                   (202) 408-4600
                                                                   jsellers@cohenmilstein.com
                                                                   bbrown@cohenmilstein.com
                                                                   pwolfe@cohenmilstein.com
                                                                   ewydman@cohenmilstein.com

                                                                   *Attorneys for Plaintiffs*

3

## CERTIFICATE OF SERVICE

Counsel for Plaintiffs certify that they have submitted the foregoing document with the clerk of court for the District of Massachusetts, using the electronic case filing system of the Court. Counsel for Plaintiffs hereby certify that they have served all parties electronically or by another manner authorized by Fed. R. Civ. P. 5(b)(2).

*/s/ Joseph Sellers*
Joseph Sellers
