**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| AMERICAN ASSOCIATION OF UNIVERSITY PROFESSORS–HARVARD FACULTY CHAPTER et al., | Case No. 1:25-CV-10910-ADB |
| Plaintiffs, | |
| v. | |
| UNITED STATES DEPARTMENT OF JUSTICE et al., | |
| Defendants. | |

**<u>ORDER AND FINAL JUDGMENT</u>**

For all the reasons stated in this Court's September 3, 2025 Memorandum and Order, ECF No. 141 (the "Memorandum and Order"), which is incorporated herein, and pursuant to Federal Rule of Civil Procedure 58, it is hereby ORDERED, ADJUDGED, AND DECREED that:

1.    The Termination Letters[1] are hereby **DECLARED** to violate Title VI of the Civil Rights Act, 42 U.S.C. § 2000d *et seq.*, under 5 U.S.C. § 706(2)(C), (D) and judgment on Count I is therefore entered in favor of Plaintiffs on that basis.

---

[1] The term "Termination Letters" refers to: the May 6, 2025 Termination Letter from the National Institutes of Health; the May 9, 2025 Termination Letter from the United States Department of Agriculture; the May 9, 2025 Termination Letter from the National Aeronautics and Space Administration; the May 12, 2025 Termination Letter from the Department of Commerce; the May 12, 2025 Termination Letter from the Department of Defense; the May 12, 2025 Termination Letter from the Department of Energy; the May 12, 2025 Termination Letter from the Department of Housing and Urban Development; the May 12, 2025 Termination Letter from the National Science Foundation; the May 12, 2025 Termination Letter from the Department of Education; the May 19, 2025 Termination Letter from the Centers of Disease Control and Prevention; and the May 27, 2025 Termination Letter from the General Services Administration. All other capitalized terms not defined herein have the same meaning as in the Memorandum and Order.

2.      The Freeze Orders[2] are hereby **DECLARED** arbitrary and capricious in violation of 5 U.S.C. § 706(2)(A) and judgment on Count II is therefore entered in favor of Plaintiffs in part on that basis.

3.      The Freeze Orders are hereby **DECLARED** to violate the First Amendment under 5 U.S.C. § 706(2)(B) and judgment on Count IV is therefore entered in favor of Plaintiffs on that basis.

4.      The Freeze Orders are **VACATED AND SET ASIDE** as arbitrary and capricious, in violation of 5 U.S.C. § 706(2)(A).

5.      The Freeze Orders and Termination Letters are **VACATED AND SET ASIDE** as violative of the First Amendment under 5 U.S.C. § 706(2)(B).

6.      All freezes and terminations of funding to Harvard made pursuant to the Freeze Orders and Termination Letters on or after April 14, 2025 are **VACATED AND SET ASIDE**.

7.      The Termination Letters are **VACATED AND SET ASIDE** as violative of Title VI under 5 U.S.C. § 706(2)(C), (D).

8.      All terminations of funding to Harvard made pursuant to the Termination Letters are **VACATED AND SET ASIDE**.

9.      Defendants, their agents, and anyone acting in concert or participation with Defendants are hereby **PERMANENTLY ENJOINED** from:

> a.      Implementing, instituting, maintaining, or giving any force or effect to Defendants' Freeze Orders, Termination Letters, and attendant unconstitutional conditions, as well as any terminations of, freezes of, or refusing to grant or to continue federal funding undertaken pursuant to the Freeze Orders and Termination Letters and their attendant unconstitutional conditions, including but not limited to:

---

[2] The term "Freeze Orders" refers to the April 14 Freeze Order and the May 5 Freeze Order as defined by the Memorandum and Order.

2

(i)     The April 3, 2025 Letter from the Federal Task Force to Combat Antisemitism;

(ii)    The April 11, 2025 Letter from the Federal Task Force to Combat Antisemitism;

(iii)   The April 14, 2025 Freeze Order;

(iv)    The May 5, 2025 Freeze Order;

(v)     The May 6, 2025 Termination Letter from the National Institutes of Health;

(vi)    The May 9, 2025 Termination Letter from the United States Department of Agriculture;

(vii)   The May 9, 2025 Termination Letter from the National Aeronautics and Space Administration;

(viii)  The May 12, 2025 Termination Letter from the Department of Commerce;

(ix)    The May 12, 2025 Termination Letter from the Department of Defense;

(x)     The May 12, 2025 Termination Letter from the Department of Energy;

(xi)    The May 12, 2025 Termination Letter from the Department of Housing and Urban Development;

(xii)   The May 12, 2025 Termination Letter from the National Science Foundation;

(xiii)  The May 12, 2025 Termination Letter from the Department of Education;

(xiv)   The May 19, 2025 Termination Letter from the Centers of Disease Control and Prevention;

(xv)    The May 20, 2025 announcement by the Department of Health and Human Services to cut $60 million in multi-year grants to Harvard; and

(xvi)   The May 27, 2025 Termination Letter from the General Services Administration.

b.    Issuing any other termination, fund freezes, stop work orders, or otherwise withholding payment on existing grants or other federal funding, or

3

> refusing to award future grants, contracts, or other federal funding to Harvard in retaliation for the exercise of its First Amendment rights or the rights of its faculty and staff, for the purpose of suppressing disfavored speech, or on any purported grounds of discrimination without compliance with the terms of Title VI.

10.    Judgment shall enter in favor of Defendants and against Plaintiffs on Counts III, V, and VII. Judgment shall enter in favor of Defendants in part on Count II with respect to the claim that the Termination Letters are arbitrary and capricious for lack of subject matter jurisdiction.

11.    Judgment shall enter in favor of Defendants and against Plaintiffs on Counts VI and VIII pursuant to the parties' stipulation of dismissal with prejudice filed on September 10, 2025, ECF No. 142, and the Court's order of September 11, 2025, ECF No. 143.

12.    This Judgment constitutes final resolution of all claims and operates as a final judgment pursuant to Federal Rule of Civil Procedure 58(b)(2) and the Court's determination that "all claims have been resolved and … a final judgment should issue." ECF No. 143.

13.    The Court retains jurisdiction to enforce this Judgment.

14.    The Court expressly reserves jurisdiction over the issue of attorney's fees and costs. Any motion for attorney's fees shall be filed in accordance with Federal Rule of Civil Procedure 54(d).

The Clerk is directed to enter judgment in conformity with the foregoing forthwith.


Dated:    October 20, 2025

_/s/ Allison D. Burroughs_
**HON. ALLISON D. BURROUGHS**
U.S. DISTRICT JUDGE