UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

CASE NO: 25-CV-11048



President and Fellows of Harvard College,

    Plaintiff,

v.

US. Department of Health and Human Service, et all.

    Defendants.

### Rule 59E Motion For Reconsideration of Order Denying Petitioner's Motion For Leave to File Brief Amicus Curiae

Now comes the Petitioner Afrasiabi and pursuant to Rule 59 E of the Federal Rules of Civil Procedure moves This Court to reconsider its Order of July 28, 2025 denying the Petitioner's Motion For Leave to File a Brief Amicus Curiae; the latter has been identified on the Case's Docket Sheet as Number 183.

As grounds for this Motion, the Petitioner states that the Court has erred in finding that the Petitioner's Brief lacks a "special interest" that "justifies having a say" in the instant case. Although the Court is correct in asserting its inherent authority and "discretion" to accept and consider amicus briefs, this does not mean that the Court is free to deny briefs that genuinely provide supplementary information pertinent to the issues in the case. The role of an amicus curiae, as "friend of the court," is to assist the court "'in cases of general public interest by making suggestions to the court, by providing supplementary assistance to existing counsel, and by

insuring a complete and plenary presentation of difficult issues so that the court may reach a proper decision.'" Sierra Club v. Wagner, 581 F. Supp. 2d 246, 250 n. 1 (D.N.H. 2008), quoting Newark Branch, N.A.A.C.P. v. Town of Harrison, N.J., 940 F.2d 792, 808 (3d Cir. 1991). The Court "must permit anyone to intervene who . . . claims an interest relating to the . . . transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2).

Indeed, the Petitioner's Brief meets all requirements of intervention pursuant to Fed. R. Civ. Procedure 24 (a). First, the Petitioner's brief was filed in a timely fashion. Second, the Petitioner, a former Harvard employee/researcher-turned whistleblower, who was then subjected to unlawful, retaliatory arrest and incarceration by Harvard police in order to silence him, can claim an interest relating "to the transaction which is the subject of the action." Third, the Petitioner is situated such that "the disposition of the action may as a practical matter impair or impede [its] ability to protect that interest." Petitioner has proffered the irrefutable evidence of Harvard's abuse of his civil and constitutional rights in order to chill his First Amendment rights, and, consequently, the Court's denial of his Petition in fact represents both a further stab at his rights as well as a tacit confirmation of Harvard's abuse of its power, complained of in the Petitioner's Brief. Fourth, the Petitioner easily meets the fourth criterion, namely, showing that [its] interest will not be adequately represented by existing parties. Travelers Indem. Co. v. Dingwell, 884 F.2d 629, 637 (1st Cir. 1989).

Notwithstanding the above-said, the Court has abused its discretion by denying the Petitioner's Brief Amicus Curiae, which details Plaintiff Harvard's systematic violation of his rights

decades after decades with impunity. Sadly, the Court's denial of the Petitioner's Motion to File the Brief fits the pattern of Harvard-favoritism in the American justice system, complained of in the Petitioner's Brief, instead of correcting this unhealthy state of affairs by allowing the Petitioner's Brief.

To reiterate, past injustices and acts of Harvard-favoritism by other federal justices in the US District Court of Massachusetts have been fully documented in the Petitioner's book, Looking For Rights At Harvard, which was appended to the Petitioner's Brief. These include the following:

(a) A judge's decision to recuse himself from the case precisely one hour after a deadline he had given Harvard University to produce certain documents or face default judgment. Instead of issuing a verdict in Afrasiabi's favor after Harvard failed to meet the deadline, Honorable Judge chose an easy way out by recusing himself from the case instead of bravely issuing a verdict against the mighty Harvard;

(b) Another justice forced the Petitioner to proceed at Harvard's trial pro se when his attorney walked out on him despite a signed contract, instead of compelling the attorney to represent him;

(c) The same trial judge initially allowed and then unreasonably excluded the finding of two hand-writing experts, despite going on record and stating "this is so critical, it can win the case."

In sum, Petitioner Afrasiabi has been denied a token of justice in his 30-year battle for justice, due to the disproportionate and unhealthy influence of the Goliath University, Harvard.

The Court should reconsider its Order above-mentioned in the interest of justice, as if affects not only the interests of the Petitioner Afrasiabi but also all the other actual and or potential whistleblowers at Harvard, who deserve protection.

Respectfully Submitted,

Kaveh L. Afrasiabi, Pro Se
Date: August 8, 2025

CC: A True copy of this Motion has been served on the counsel on record in this case, on this date, August, 8, 2025.