IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSSETTS

| | |
|---|---|
| PRESIDENT AND FELLOWS OF HARVARD COLLEGE<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, et al.<br><br>Defendants. | Case No. 1:25-cv-11048 |

**NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendants respectfully submit this notice of supplemental authority. The supplemental authority is the memorandum opinions and order on application for stay in *National Institutes of Health, et al. v. American Public Health Association, et al.*, 606 U.S. ___ (2025) ("*NIH*") in which the Supreme Court granted the Government's request for a stay as to the District Court's judgments vacating the termination of research-related grants, finding that the District Court lacked jurisdiction to hear claims based on an "obligation to pay money" pursuant to the terms of federal grant agreements. *See* 606 U.S. ___, *1. A true and correct copy of the authority is attached to this notice as **Exhibit A**.

This supplemental authority directly bears on this matter because the Court of Federal Claims retains exclusive jurisdiction to hear claims based upon the money-mandating provisions of a grant agreement. *See* Def. Mot. for Summ. J., ECF No. 185, pp. 15-25. In *NIH*, the Supreme Court reiterated its prior holding in *Department of Education v. California* that "[t]he Administrative Procedure Act's 'limited waiver of [sovereign] immunity' does not provide the District Court with jurisdiction to adjudicate claims 'based on' the research-related grants or to

order relief designed to enforce any 'obligation to pay money' pursuant to those grants." *Id.* (citing *Department of Ed. v. California*, 604 U. S. ___ (2025) (per curiam)). Defendants' argument relies heavily on the Supreme Court's decision in *California*.

The day before oral argument, Plaintiff filed a notice of supplemental authority arguing that the underlying First Circuit decision in *American Public Health Association, et al. v. National Institutes of Health, et al.* controlled. *See* Pl's. Not. of Supp. Auth., ECF No. 227. At oral argument, this Court seemed to agree, suggesting that it was bound by the First Circuit's decision in that case. Mot. Hrg. Tr., pp. 63-4. In response, Defendants explained that this Court was bound by *California*. *Id*.

The Supreme Court has now confirmed Defendants' interpretation and rejected the primary authority on which Plaintiff relies for its jurisdictional argument. In *NIH*, the Supreme Court overturned the First Circuit's denial of stay on jurisdictional grounds. The Supreme Court found that "the District Court likely lacked jurisdiction to hear challenges to the grant terminations, which belong in the Court of Federal Claims (CFC)." *NIH* at *3 (Barrett, J., concurring). Justice Barrett explains further that, insofar as claims challenge agency guidance documents, those claims can be disaggregated from "a claim 'founded . . . upon' contract that only the [Court of Federal Claims] can hear." *Id.* (Barrett, J., concurring) (citation omitted). This case does not involve binding agency guidance; rather, Harvard seeks only payment of money from individual grant terminations. Nevertheless, Justice Barrett made clear that even if Harvard's suit had involved claims challenging guidance documents, this Court would not have jurisdiction to review any terminations issued pursuant to that guidance. *See id.* at *3-4.

The Supreme Court squarely rejected Plaintiff's theory that *California* does not control. Specifically, Plaintiff argued that "the Government's jurisdictional arguments here . . . rest on

2

premises materially indistinguishable from those the First Circuit rejected." ECF No. 227. Yet the Supreme Court has now overturned the First Circuit opinion on which Plaintiff solely relies. If the premises of this case and *NIH* are truly "materially indistinguishable," as Plaintiff claims, then the Supreme Court's ruling puts to rest the argument that *California* does not control here.

This case is therefore controlled by the Supreme Court's decisions in *California* and *NIH*. Plaintiff's attempt to evade the Tucker Act through pleading a First Amendment claim is immaterial because, as Defendants have previously explained, the Court of Federal Claims can hear constitutional claims where, as here, the plaintiff seeks relief in the form of money payment. *See* Def. Mot. for Summ. J., ECF No. 185, pp. 23-25. As in *NIH* and *California*, Plaintiff's "injury and alleged right to payment stem from the government's refusal to pay promised grants according to the terms and conditions that accompany them." *NIH*, slip op. at *3-4 (Gorsuch, J., concurring).

Dated:  August 22, 2025

Respectfully submitted,

CHAD MIZELLE
Acting Associate Attorney General

ABHISHEK KAMBLI
Deputy Associate Attorney General

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

JOSEPH BORSON
Assistant Director, Federal Programs Branch

*/s/ Ryan M. Underwood*
RYAN M. UNDERWOOD (D.C. Bar No. 1656505)
EITAN R. SIRKOVICH
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch

          1100 L Street, NW  
          Washington, DC 20005  
          Tel: (202) 305-1952  
          E-mail: ryan.m.underwood2@usdoj.gov

*Counsel for Defendants*